LAW OFFICES OF CHRISTIAN J. GARRIS
CHRISTIAN J. GARRIS  SBN 175808
633 West Fifth Street, 28th Floor
Los Angeles, California 90017
Telephone: (213) 624-2900
Facsimile: (213) 624-2901
Email: cjg@christiangarris.com

JS-6

Attorneys for Plaintiff

SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
MICHELLE Y. MCISAAC Bar No. 215294
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
rebecca.hull@sdma.com
michelle.mcisaac@sdma.com

Attorneys for Defendant Metropolitan
Life Insurance Company

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ROWLAND, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY; and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | Case No. SACV08-714-JVS (FFMx)<br><br>**JUDGMENT**<br><br>Judge:　　Hon. James V. Selna<br>Ctrm.:　　10C (Santa Ana) |

In accordance with the Court's order of April 2, 2009 (Docket 33), judgment is entered in favor of Plaintiff Lisa Rowland ("Plaintiff") and against Defendant Metropolitan Life Insurance Company ("MetLife") as follows:

　　1.　Plaintiff is entitled to benefits under the Honeywell International Long Term Disability Plan's ("the Plan") provision for disability from her "own occupation" in the amount of $1,807.98.

   (a) The Plan provides for twenty-four months of "own occupation" benefits, following a six month elimination period, at a rate of 60% of plaintiff's pre-disability monthly salary (ADMIN0005; ADMIN0014);

   (b) Plaintiff stopped working due to disability from her own occupation as of August 22, 2004, and became entitled to "own occupation" benefits under the Plan as of February 23, 2005;

   (c) MetLife previously paid Plaintiff benefits during the period February 23, 2005 through May 22, 2005 (ADMIN0191;120).  Therefore, the remaining "own occupation" benefit period is twenty-one months, from May 23, 2005 through February 23, 2007;

   (d) Plaintiff's pre-disability salary was $78,471.63, for a monthly salary of $6,539.30, and a gross monthly disability benefit under the Plan of $3,924 (ADMIN0127-128).  The Plan's use of the salary figure for the 12 months prior to disability, as provided by the employer, is a reasonable exercise of the Plan's discretionary authority to interpret the Plan.  (ADMIN 0018.)

   (e) The Plan provides that the monthly benefit will be reduced by any Workers' Compensation benefits Plaintiff receives. (ADMIN0006).  For the applicable own occupation period May 23, 2005 through February 23, 2007, Plaintiff received $76,383.50 in Workers' Compensation benefits (Exhibit A).  The Plan makes no distinction between temporary and permanent disability payments (ADMIN0006), and the distinction recognized in <u>Russell v. Bankers Life Ins. Co.</u>, 46 Cal. App. 3d 405, 415-16 (1975), a pre-ERISA case now preempted by ERISA, is not applicable.

   (f) The Plan also provides that the monthly benefit will be reduced by Social Security Disability Income ("SSDI") "benefits you are eligible to receive" whether or not benefits are actually received.  "If you and your family members are not actually receiving such Social Security benefits, your LTD benefit will be reduced by an estimated amount. (ADMIN0006-7)  The Plan requires Plaintiff to

— 2 —
**[Proposed] Judgment**

submit a claim for SSDI, and appeal any denial. *Id.* Plaintiff's SSDI claim was denied because she did not comply with the Social Security Administration's request that she attend a medical examination, and she has not yet appealed the denial (Exhibit B). Plaintiff's monthly estimated SSDI of $1,695 shall be applied as an offset to the Plan's monthly benefit. Plaintiff may recoup the estimated SSDI offsets only, if after complying with the requirements of the Social Security Administration for submission of her SSDI claim, her claim is denied on the merits on appeal. The Court retains jurisdiction to adjudicate any dispute which may arise as a result of the Social Security Administration's final determination of plaintiff's SSDI claim.

   (g) Plaintiff's monthly other disability benefits from worker's compensation and estimated SSDI, exceed the Plan's gross monthly benefit of $3,924. However, the Plan provides that the monthly benefit will never be less than $100. Therefore, Plaintiff is entitled to $100 for each month of the remaining twenty-one months of the own occupation period.

   (h) Plaintiff was previously paid benefits for the period February 23, 2005 through May 22, 2005 without taking into account the estimated SSDI, therefore there is an overpayment for that period of $292.02, resulting in a total own occupation benefit amount of $1,807.98.

  2. The matter is remanded to MetLife to determine Plaintiff's eligibility for benefits under the Plan's provision for disability from "any occupation" in accordance with the Court's order of April 2, 2009. In making its determination, MetLife shall take into account any relevant submitted by or on behalf of Plaintiff within 90 days of April 2, 2009.

[Proposed] Judgment

3.     The Court did not award plaintiff interest, fees or costs.  (Docket 33.) On motion, plaintiff may seek interest, costs, or attorneys' fees in this action

IT IS SO ORDERED.

DATED: _May 27, 2009_____ By: _____
Hon. James V. Selna
United States District Court Judge